## Case No. 4,575.

### The EVENING STAR.

[Blatchf. Pr. Cas. 582.][1]

District Court, S. D. New York. Dec., 1863.

[1] [Reported by Samuel Blatchford, Esq.]

BETTS, District Judge. The above vessel and cargo were seized as prize of war May 29, 1863, in Warsaw sound, near the shore of the state of Georgia, by the United States gun boat Cimerone. The vessel, being found unseaworthy, was appraised, by a board of naval survey, at $10, and left at Port Royal, and her cargo was transported to New York for adjudication. A libel by the United States was filed in this court against the said prize August 19, 1863, returnable Sep-

tember 8th thereafter. A warrant and monition were issued thereupon, and were duly returned by the marshal, that the vessel had been taken by the government, and that the cargo was attached under the said process. On the same day Frank Schwiren intervened, and filed a claim, under his own oath, as part owner of the vessel and cargo, "and for Frederick W. Rose, the other owner," asserting therein that those owners were in possession of the sloop and cargo at the time of their seizure, and were the true and bona fide owners of the same. The naval survey reported the valuation of the vessel and tackle, on her arrest, to be ten dollars, and the prize commissioners, on an appraisal of her cargo, made under the order of the court September 30, 1863, reported the same to amount to $3,892.50.

The case was brought to hearing December 9, 1863, on the part of the government, when the claimants, by the assent of the district attorney, moved for and obtained the order of the court that "they have twenty days from that date to take and introduce further proofs" in the cause. Such further proofs were taken before one of the prize commissioners, on the attendance of the United States attorney and the proctor for the claimants, and were reduced to writing by the commissioner on the 29th of December, and were filed in court the next day by him. All the papers, with the briefs of the counsel for the respective parties, were submitted to the court for consideration December 31, 1863.

It appears, from the papers produced from on board the vessel by the prize-master, the certificate of ownership, the manifest, and the clearance given at Savannah, Georgia, April 22, 1863, and from the preparatory proofs, that the vessel was dispatched from Savannah in the latter part of May last, on a voyage from that port to Nassau, N. P.; that the vessel was a sloop of about nine tons' burden, old, and of small value, being worth about ten dollars; that she was laden with a cargo of cotton, both vessel and cargo being owned by the claimants in the cause, who were residents in Georgia, but Prussians by birth, not naturalized; that one of them was unmarried, and that the other was married, his wife residing in one of the Confederate States. The vessel sailed from Savannah under the rebel flag, and a rebel pass furnished her at that port.

The testimony of the two owners is positive and direct, on the preparatory examination and the subsequent one given under the allowance of further proof, that their actual and sole purpose in coming out of Savannah was to escape, with their property, from the Confederate authority, and deliver the vessel and cargo and themselves to the protection of the blockading squadron, and to the authority of the United States, as loyal citizens thereof. The collateral evidence of the intention of the claimants, manifested

by declarations of theirs to friends before the dispatch of the vessel, and by efforts and preparations set on foot by them, indicates a fixed purpose and anxiety on their part to separate themselves personally and their effects from all connexion with the insurrectionists, and to become wholly detached in interests and residence permanently from them.

I perceive no ground to doubt the fairness and reliability of the representations given in evidence in this cause, and am of opinion that it satisfactorily brings the present case within the principle declared by the circuit court in the case of The General C. C. Pinckney [Case No. 5,308], and that the withdrawal of the property in question from an enemy and blockaded port does not subject it to capture as prize of war. A decree will be entered that the libel be dismissed, but without costs, there being sufficient probable cause for the seizure and the suit.